UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY RAY PUMPHREY, JR., | ) | CASE NO. 5:23-CV-2092 |
| Plaintiff, | ) ) ) | JUDGE CHARLES E. FLEMING |
| vs. | ) ) ) | |
| STARK COUNTY, OHIO, *et al.*, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) ) ) | |

## I. INTRODUCTION

*Pro se* Plaintiff Jeffrey Ray Pumphrey, Jr. filed a civil rights complaint in this case under 42 U.S.C. § 1983 on behalf of himself and his minor child against Stark County, Ohio "CPS" (Child Protective Services), "Courts," and thirteen "other named parties," including employees of Stark County and its Department of Job and Family Services. (ECF No. 1, PageID 1 and 5).

Plaintiff's complaint does not set forth specific factual allegations of misconduct or legal claims against each of the named defendants, but it pertains to the custody of his minor child. *Id*. at PageID 10. He contends his and his child's constitutional rights were violated in connection with state court proceedings in which his child was removed from his custody. *Id*. at PageID 6–9. In particular, he contends the state "courts did not hold a lawful jurisdictional hearing" on the basis he was not given proper notice. *Id.* at PageID 9. As a result, he asks the Court to "vacate any jurisdiction" of the Stark County courts and requests "immediate return of the child and full custody" and damages. *Id.* at PageID 10 and 15.

1

Plaintiff did not pay the filing fee, but instead, filed a motion to proceed *in forma pauperis*. (ECF No. 2). That motion is granted. For the reasons stated below, Plaintiff's complaint is **DISMISSED**.

## II. STANDARD OF REVIEW AND DISCUSSION

Plaintiff is proceeding *in forma pauperis*, so his complaint is subject to initial screening under 28 U.S.C. § 1915(e)(2)(B). That statute requires the Court to screen all *in forma pauperis* complaints filed in federal court and dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Further, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3). A "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds this action must be dismissed for failure to state a claim upon which the Court may exercise jurisdiction or grant relief.

First, as an initial matter, Plaintiff's complaint fails to state a claim and must be dismissed to the extent he purports to assert claims on behalf of his minor child. It is well-established that "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970–71 (6th Cir. 2002); *see also Lawson v. Edwardsburg Public School*, 751 F.

Supp. 1257, 1258–59 (W.D. Mich. 1990) (litigant has the right to act as his or her own counsel under 28 U.S.C. § 1654 but may not represent the interests of his or her minor child without counsel).

Second, even assuming Plaintiff alleged sufficient facts to suggest a viable claim against one or more of the Defendants, his complaint fails to state a claim over which the Court may exercise jurisdiction. Federal courts lack jurisdiction over domestic relations matters. *Danforth v. Celebrezze*, 76 F.App'x 615, 616 (6th Cir. 2003); *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("[T]he domestic relations exception ... divests the federal courts of power to issue divorce, alimony, and child custody decrees."). "Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, … federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth*, 76 F.App'x at 616 (internal citation omitted).

The core concern of Plaintiff's complaint is one of domestic relations because he is seeking an order granting him custody of a minor child. This Court lacks jurisdiction to hear such a case.

Further, under the *Rooker-Feldman* doctrine, federal courts also lack jurisdiction over actions that in substance seek appellate review of state-court judgments, even if the plaintiff contends a state-court judgment violates his federal rights. *Dakota v. Brown*, No. 3:12 CV 2110, 2012 WL 5378733, at *5 (N.D. Ohio Oct. 31, 2012), citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). *Rooker-Feldman* bars federal courts from exercising jurisdiction over claims challenging the validity of state-court judgments, and claims "inextricably intertwined" with such judgments. *See Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509–10 (6th Cir. 2000). A party raising such claims must do so through the state appellate system and then directly to the United States Supreme

Court, not through a new action filed in a lower federal court. *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

Accordingly, to the extent Plaintiff's claims challenge the validity of a state-court judgment(s) as to the custody of his minor child, or seeks to overturn or vacate such a judgment or decision, his action constitutes an improper collateral attack on a state-court judgment and is barred by *Rooker-Feldman*. *See, e.g., Sefa v. Kentucky*, 510 F.App'x 435, 437–38 (6th Cir. 2013) ("[T]o the extent [Plaintiff] seeks a declaration that the state's child-custody determination was unlawful, an injunction for the minor children's release, and monetary damages arising from the child-custody decision, these claims constitute collateral attacks on the state court judgments terminating . . . parental rights and were properly excluded from consideration by the district court.") (internal quotation marks and citation omitted).

Finally, as Plaintiff indicates in his complaint, he has already filed a civil rights action in this District against the Stark County Department of Family Services and other "staff" pertaining to state court proceedings in connection with the custody of his minor child. (ECF No. 1, PageID 20–22). The Court found that his complaint was barred by the domestic relations exception to federal jurisdiction and the *Rooker-Feldman* doctrine. *See Pumphrey v. Stark County Dept. of Job and Fam. Serv.*, No. 5:23-cv-659, 2023 WL 4133645 (N.D. Ohio June 22, 2023). Plaintiff's complaint is also subject to dismissal on the ground of frivolousness to the extent it duplicates claims he raised in his earlier lawsuit. *See, e,g., Theriot v. Woods*, Case No. 2:18-cv-92, 2019 WL 409507, at *5 (W.D. Mich. Feb. 1, 2019) (citing cases and holding that *in forma pauperis* complaints are properly dismissed as frivolous if they seek to relitigate or duplicate claims that "do not significantly differ" from those in an earlier-filed action).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* in this matter (ECF No. 2) is **GRANTED**, and his complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:  February 27, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**